| | |
|---|---|
| COREY D. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  4:18-CV-00600-DDN |
| | ) |
| STEVE PELTON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Corey D. Taylor for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a

2

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

Pro se complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

Plaintiff is an inmate at the Franklin County Adult Detention Facility, in Union, Missouri. He brings this action pursuant to 42 U.S.C. §1983 against Sheriff Steve Pelton and the Franklin County Jail. Plaintiff is suing both the sheriff and the jail in their official capacities.

Plaintiff's complaint brings forth a number of alleged violations of his constitutional rights. With three exceptions, the claims are not numbered, but are given in a narrative fashion. Plaintiff first alleges that a grand jury has found the Franklin County Jail noncompliant with industry standards, and that it houses more prisoners than it was designed to hold. (Docket No. 1

3

at 4). He claims that inmates are housed in dorm-style housing, with individual cells designed to hold only one inmate. *Id.* However, two to three inmates are being housed in the single-person cells. *Id.* Moreover, in cells designed to hold six inmates on bunk beds, the cells have been "maxed out" with inmates sleeping on the floor and "even [b]y the toilet and under the [b]unks." *Id.* Plaintiff states that he is being made to share a one-person cell with a second inmate. (Docket No. 8 at 1). Plaintiff also claims that the security system used to "operate doors is out of date and parts are no longer manufactured." (Docket No. 1 at 4). Further, plaintiff states there is only one room for attorney/clergy visits, and that when it is occupied, others are turned away. *Id.*

Next, plaintiff alleges that the language used by deputies is "very [n]egative and [d]isrespectful." (Docket No. 1 at 5). He states that the jail is very unsanitary. *Id.* He claims that the food quantity is below the average amount required. *Id.* He alleges that he has been served "cold trays" for dinner, consisting of peanut butter and jelly sandwiches or two-meat sandwiches. (Docket No. 8 at 2). He also alleges that the medical care is very poor, and the price to receive that care is too high. (Docket No. 1 at 5; Docket No. 9 at 2).

Plaintiff further claims that inmates are strip searched and "[d]uring the process you are told to squat and [g]rab your [b]uttocks and cough." (Docket No. 1 at 5). He states that African-Americans are discriminated against in the facility. *Id.* He also alleges that the grievance process is inadequate in that it is conducted by the deputies themselves and always goes against the inmates; that there is no proper administrative remedy procedure; and that there's "[n]o actual way to file any complaint against any [m]isconduct against any Deputy at this facility." *Id.* Further, plaintiff claims that the law library is twenty years out-of-date. *Id.*

Plaintiff also makes allegations regarding improper use of force against him. *Id.* Plaintiff alleges that a white inmate called him racist names, but that nothing was done to him. *Id.*

However, when plaintiff "hollered [b]ack" at him, he was "attacked" by a sergeant identified as Sergeant Ashkar. *Id.* Plaintiff says he was choked, struck with a closed fist, pepper sprayed, and had a Taser used against him. *Id.* Moreover, a week later, plaintiff states that Sergeant Ashkar "harassed" him by coming to his cell at midnight, fingerprinting him, and informing plaintiff he was being charged with aggravated assault, even though plaintiff says that Sergeant Ashkar admitted that plaintiff did not assault anyone. *Id.* Plaintiff further claims that he was illegally forced to give a DNA sample against his will. *Id.* He states that he was informed that he would not be released from custody, even if allowed by the judge, if he did not provide the sample. *Id.*

In a separate letter included with the complaint, plaintiff makes a number of other allegations, mostly concerning the performance Judge David L. Hoven and plaintiff's attorney Zachary Rennick. (Docket No. 1 at 6). Specifically, plaintiff states that Judge Hoven has been biased by holding him in custody and not reducing his bond. *Id.* Judge Hoven ordered plaintiff to undergo a pretrial assessment, but plaintiff insists that this assessment has not been take into consideration at his bond reviews. *Id.* Plaintiff alleges that Judge Hoven's rulings are based on racial animus, and that other inmates, mainly whites, receive more favorable rulings. *Id.* Plaintiff also states that police in St. Clair "[b]rutalized" him. *Id.* He alleges that the police slammed him to the floor when he refused to get off the phone with his attorney. (Docket No. 1 at 6-7). Finally, plaintiff claims that his attorney has been "very [i]neffective and [i]nadequate." *Id.*

### Discussion

As discussed above, plaintiff's complaint brings forth a number of different claims. Having carefully reviewed and liberally construed plaintiff's allegations, the Court must dismiss plaintiff's claims without prejudice for failure to state a claim or frivolity under § 1915(e)(2)(B).

**A. Defendant Steve Pelton, Sheriff of Franklin County, Missouri**

Plaintiff's claims against Sheriff Pelton acting in his official capacity must be dismissed. A suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, an official-capacity suit generally represents a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Under § 1983, a governmental entity is only liable when it is the "moving force" behind the deprivation. *Kentucky*, 473 U.S. at 166. Further, "the entity's policy or custom must have played a part in the violation." *Hafer*, 502 U.S. at 25.

Plaintiff's official-capacity claim against Sheriff Pelton must be treated as a claim against the Franklin County Sheriff's Office. A sheriff's office, as a department or subdivision of local government, is not an entity subject to suit. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (1992) (departments or subdivisions of local government are "not juridical entities suable as such"). Even if the Court were to construe the complaint as brought against the municipality and substitute it as defendant, the complaint still fails to state a claim of municipal liability because plaintiff has not alleged any facts linking the municipality's "policy or custom" with the alleged constitutional violations. Therefore, plaintiff's claim against Sheriff Pelton must be dismissed.

**B. Defendant Franklin County Jail**

Similarly, plaintiff's claims against the Franklin County Jail must be dismissed. The Franklin County Jail is a subdivision of local government, and not a "juridical entity, suable as

such." *Ketchum,* 974 F.2d at 82; *see also Owens v. Scott Cty. Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"). Again, even if the Court were to construe the complaint as one against the municipality, and substitute it as the defendant, the claim still fails. A local governing body can be sued directly under § 1983. *Monell v. Dep't of Social Services,* 436 U.S. 658, 690 (1978). However, the allegedly unconstitutional action must be one that "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* Here, as above, plaintiff fails to allege any facts linking the municipality's "policy or custom" with the alleged constitutional violations. Therefore, plaintiff's claims against the Franklin County Jail must be dismissed.

### C. Plaintiff's overcrowding claim

Plaintiff alleges that the Franklin County Jail is overcrowded and noncompliant with "industry standards." (Docket No. 1 at 4). Specifically, plaintiff states that two to three inmates have been housed in single-person cells, and that eight to thirteen inmates have been housed in six-person cells. *Id.* Plaintiff, in a supplementary letter, also alleges that he is being forced to share a single-person cell with another inmate. (Docket No. 8 at 1). These claims do not set forth factual allegations sufficient to state a claim.

Plaintiff is currently a pretrial detainee. (Docket No. 1 at 8). As a pretrial detainee, plaintiff's claims regarding unconstitutional conditions of confinement are analyzed pursuant to the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244 (1983) ("State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt"). A pretrial detainee's Fourteenth Amendment rights are violated if the detainee's conditions of confinement amount to punishment. *Morris v. Zefferi,* 601 F.3d 805, 809

7

(8th Cir. 2010). The Fourteenth Amendment protections afforded a pretrial detainee are "at least as great" as those afforded convicted prisoners by the Eighth Amendment. *Id.*; *see also Owens*, 328 F.3d at 1027. The Eighth Circuit has repeatedly applied the Eighth Amendment's "deliberate indifference" standard as it is applied to claims made by convicted inmates. *Vaughn v. Greene County., Ark.*, 438 F.3d 845, 850 (8th Cir. 2006). Accordingly, punishment that deprives an inmate "of the minimal civilized measures of life's necessities is unconstitutional." *Morris*, 601 F.3d. at 809.

A pro se complaint is liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, such pleadings cannot be conclusory, and must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone*, 364 F.3d at 914.

Plaintiff's overcrowding allegation is conclusory and fails to set forth facts that state a claim as a matter of law. Most of the facts he provides come from a newspaper article and speak only to general overcrowding conditions in the jail. (Docket No. 1 at 4; Docket 9 at 1). Much of his claim centers on the allegation that the jail conditions do not meet the American Correctional Associations standards. By itself, though, this is not sufficient to state a claim. *See Bell v. Wolfish*, 441 U.S. 520, 543 n. 27 (1979) ("while the recommendations of these various groups [promulgating correctional standards] may be instructive...they simply do not establish the constitutional minima"). Other allegations refer to conditions endured by inmates other than himself, claims that plaintiff does not have standing to bring. *See Martin*, 780 F.2d at 1337 ("[a] prisoner cannot bring claims on behalf of other prisoners").

Plaintiff fails to allege the requisite personal loss or injury to himself. *See Id.* In a letter supplementing his complaint, plaintiff states that he is sharing a single-person cell with another inmate. (Docket No. 8 at 1). Yet, double-celling is not in and of itself unconstitutional. *See Rhodes v. Chapman*, 452 U.S. 337, 352 (1981) (finding that the double-celling at issue did not constitute cruel and unusual conditions of confinement). Rather, double-celling is only unconstitutional if it led to "deprivations of essential food, medical care, or sanitation." *Cody v. Hillard*, 820 F.2d 912, 914 (8th Cir. 1987). Plaintiff must show that double-celling deprives him "of the minimal civilized measures of life's necessities is unconstitutional." *Morris*, 601 F.3d. at 809. To that end, Plaintiff does not allege any facts to demonstrate that sharing a cell rises to the level of a violation of his constitutional rights. For example, he makes no allegation that he is forced to sleep on the floor, or that he is forced to sleep under a bunk, or that he is forced to sleep near the toilet. He also does not allege that sharing a cell has affected his health or his hygiene. Without such supporting facts, plaintiff is only stating the conclusion that sharing a cell violates his rights. In order to state a claim, he must do more. *See Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981) ("a well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts"). Therefore, this claim must be dismissed.

**D. Plaintiff's claim that security system is out of date**

Plaintiff alleges that the "security system used to operate doors is out of date and parts are no longer manufactured." (Docket No. 1 at 4). This single assertion, standing alone, does not state a claim. Even a pro se complaint must have a discernible allegation that does not require the assumption of facts that are not alleged. *Stone*, 364 F.3d at 915. Here, plaintiff does not make any showing as to how this allegedly flawed security system has caused him harm, such as by putting him in danger. Therefore, this claim must be dismissed.

9

### E. Plaintiff's claim regarding attorney/clergy room

Plaintiff alleges that there is only one room for attorney/clergy, and that when it is occupied, others are turned away. (Docket No. 1 at 4). Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This fundamental right requires prison authorities to assist inmates in preparing and filing meaningful legal papers by providing them with adequate law libraries or assistance from persons trained in the law. *Id.* at 828. However, when bringing an access-to-court claim, a plaintiff cannot merely allege the denial of access to an adequate attorney, even if such denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996). In other words, it is not enough for a prisoner to establish that a law library or legal assistance program is theoretically subpar. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, the inmate must show actual injury by demonstrating that the inmate was hindered in his or her efforts to pursue a legal claim. *Id.* Plaintiff's complaint fails to make any allegations as to how having only one attorney/clergy room hindered his efforts to pursue a legal claim. He alleges no facts to show that he was not allowed access to his attorney, or that he was unable to meet with his attorney, or that having a single room kept him from adequately preparing for a pending legal case. *See Lomholt v. Holder*, 278 F.3d 683, 684 (8th Cir. 2002) (plaintiff did not allege how denial of access to his attorney impeded his access to the courts). Therefore, this claim must be dismissed.

### F. Plaintiff's claim regarding disrespectful language

Plaintiff alleges that language used by the deputies is "very disrespectful," and that in particular, the "LT" is "very negative and disrespectful." (Docket No. 1 at 5). In general, "mere verbal threats made by a state-actor do not constitute a § 1983 claim." *Turner v. Mull*, 784 F.3d 485, 492 (8th Cir. 2015). This is so because the Constitution does not guard against all intrusions

on a person's peace of mind. *King v. Olmstead County*, 117 F.3d 1065, 1067 (8th Cir. 1997). Typically, fear or emotional injury resulting solely from idle threats or verbal harassment is insufficient to constitute the violation of an identified liberty interest. *Id.* A threat can be an actionable constitutional violation when it rises to the level of a "brutal and wanton act of cruelty." *Hopson v. Fredericksen*, 961 F.2d 1374, 1379 (8th Cir. 1992). A threat can also be actionable if it places coercive pressure on the plaintiff, thereby causing the plaintiff to suffer the deprivation of a constitutional right. *King*, 117 F.3d at 1067. Here, plaintiff's allegations regarding the language used by deputies at the Franklin County Jail do not even constitute a threat. Instead, plaintiff is claiming only "negative and disrespectful" language. This type of language, with no allegation of brutality, wanton cruelty, or coercive pressure, does not violate the Constitution. Therefore, this claim must be dismissed.

### G. Plaintiff's claim that jail is unsanitary

Plaintiff alleges that the jail is unsanitary. (Docket No. 1 at 5). Prisoners "are entitled to reasonably adequate sanitation." *Turner*, 784 F.3d at 491. However, a well-pleaded complaint requires more than a conclusory statement unsupported by specific facts. *Kaylor*, 661 F.2d at 1183. Here, plaintiff has made a conclusion, to wit: the jail is unsanitary. He does not state any facts describing the conditions that allegedly make the jail unsanitary. For example, he does not allege any infestation, mold, or lack of cleaning supplies. He does not name anyone responsible for this condition, or allege a causal link between that person's responsibility and the deprivation of his rights. *See Madewell*, 909 F.2d at 1208 ("[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, he does not allege that he suffered any personal injury or loss from these alleged conditions. *See Martin*, 780 F.2d at 1337

(noting that many of plaintiff's claims did not allege personal injury, and that a prisoner must allege personal loss). Therefore, this claim must be dismissed.

### H. Plaintiff's inadequate food claim

Plaintiff alleges that the "food [q]uantity is [b]elow the [a]verage amount [r]equired." (Docket No. 1 at 5). Prisoners have the right to receive nutritionally adequate food. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). A plaintiff can demonstrate the violation of this right by showing he was served nutritionally inadequate food, or that the food was prepared in a manner that presented an immediate danger to his health, or by showing that his health suffered as a result of the food. *Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016). However, a plaintiff must allege sufficient facts to support the claim he has advanced. *Stone*, 364 F.3d at 914. Conclusory pleadings are not sufficient. *See Johnson*, 717 F.2d at 1552 (though civil rights pleadings are liberally construed, they must not be conclusory and must set forth facts that, taken as true, state a claim as a matter of law).

Here, plaintiff's statement that the food quantity is inadequate is a conclusion that he fails to support with any factual allegations. In a letter supplementing his complaint, he states that following an escape from the jail, the inmates were being fed "cold trays" with peanut butter and jelly sandwiches, and two-meat sandwiches. (Docket No. 8 at 2). Plaintiff also states his belief that he is entitled to "3 [h]ot meals a [d]ay." *Id.* However, he does not allege that he suffered any personal injury or loss from these alleged conditions. *See Martin*, 780 F.2d at 1337. Specifically, he does not allege any facts as to why the food amount is inadequate, or whether he has suffered any weight loss, or whether the amount of food has affected his health. He also does not make any allegations regarding the manner of the food's preparation. In other words, he has failed to

allege the deprivation "of the minimal civilized measures of life's necessities." *See Morris*, 601 F.3d. at 809. Therefore, this claim must be dismissed.

### I. Plaintiff's claim of inadequate medical care

Plaintiff alleges that the medical care and staff is very poor, and that the $10.00 price per visit is "outrageous." (Docket No. 1 at 5). An inmate has a right to receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Simmons v. Cook*, 154 F.3d 805, 808 (1998). Nonetheless, a complaint must contain more than conclusory statements. *Kaylor*, 661 F.2d at 1183. In other words, a complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678. Here, plaintiff's allegations amount to a "naked assertion." He does not allege the manner in which the medical care is poor. For instance, he does not allege a misdiagnosis or an improperly performed procedure. He also does not allege that he has been denied medical care or that the price of medical care has kept him from receiving assistance. In other words, he has not alleged any harm or injury. *See Martin*, 780 F.2d at 1337. Further, plaintiff does not identify who is responsible for this alleged condition, or demonstrate a causal link between that person's responsibility and the deprivation of his rights. *See Madewell*, 909 F.2d at 1208. Therefore, this claim must be dismissed.

### J. Plaintiff's strip-search claim

Plaintiff alleges that inmates at the Franklin County Jail are strip searched. (Docket No. 1 at 5). During this process, inmates are told to squat and "[g]rab your [b]uttocks and cough." *Id.* When it comes to strip searches, the Fourth Amendment only prohibits unreasonable searches. *Bell*, 441 U.S. at 558. The determination of reasonableness requires a balancing of the need for the search against the invasion of personal rights. *Id.* "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the

13

place in which it is conducted. *Id.*; *see also Franklin v. Lockhart*, 883 F.2d 654, 656 (8th Cir. 1989) (finding that the security concerns articulated by prison officials justified the intrusiveness of a visual body cavity search).

Here, plaintiff has alleged that strip searches and visual body cavity searches take place at the Franklin County Jail. (Docket No. 1 at 5). Further, he seems to allege that he has personally been subjected to this type of search. *Id.* However, plaintiff has failed to allege any facts suggesting harm. As noted above, these types of searches are not per se violations of the Fourth Amendment. *See Bell*, 441 U.S. at 558; *Lockhart*, 883 F.2d at 656. Rather, there is a balancing between the need for the search and the intrusion they entail. *Id.* Plaintiff has not alleged any facts to the effect that the strip/visual body cavity searches were unreasonable. For instance, he has not alleged that he was singled out for these searches. He has not claimed that these searches were in violation of any of the jail's stated policies. He has not alleged that these searches were undertaken against him as some sort of retaliation. He has also not alleged the frequency of these types of searches, the manner in which the search is conducted, or the place in which the search occurs. Moreover, plaintiff does not identify who is responsible for the strip/visual body cavity search, or allege facts demonstrating a causal link between that person's responsibility and the deprivation of his rights. *See Madewell v. Roberts*, 909 F.2d at 1208.

A complaint must contain factual matter that, when accepted as true, states a claim for relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678. There is facial plausibility when the factual content of a claim allows a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* The factual matter in plaintiff's complaint, merely that strip/visual body cavity searches occur, is not enough to state a claim. These types of searches are not automatically unconstitutional. Rather, there has to be some allegation of

14

unreasonableness. Plaintiff does not provide any such facts, and the Court is not required to assume them, or construct a legal theory for assumed facts that have not been pleaded. *See Stone*, 364 F.3d at 914. Therefore, this claim must be dismissed.

### K. Plaintiff's claim of racial bias

Plaintiff alleges that African-Americans are discriminated against in the Franklin County Jail. (Docket No. 1 at 5). The Equal Protection Clause generally requires the government to treat similarly situated people alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439(1985). Nonetheless, an action must plead enough facts to state a claim for relief that is probable on its face. *Bell Atlantic Corp.*, 550 U.S. at 570. A complaint based on legal conclusions should be dismissed. *Hager v. Arkansas Dept. of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (explaining that courts should not presume the truth of legal conclusions couched as factual allegations).

To the extent that plaintiff is alleging general bias against all African-Americans in the facility, his claim fails, because one prisoner cannot bring actions on behalf of other prisoners. *Martin*, 780 F.2d at 1337. Further, plaintiff does not allege any facts to show that he was personally discriminated against in any manner. For example, he does not allege that he is denied privileges given to inmates of other races, or that he has been singled out for punishment on account of his race. Plaintiff also fails to identify who is responsible for the alleged discrimination. He must allege specific facts regarding a defendant's personal involvement in, or direct responsibility for, a deprivation of his constitutional rights. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). He does not do this. Therefore, this claim must be dismissed.

### L. Plaintiff's grievance claim

Plaintiff alleges that the Franklin County Jail's grievance procedure is inadequate in that it is conducted by the deputies themselves, and that all decisions go against the inmates. (Docket No. 1 at 5; Docket No. 8 at 1). In order to state claim under § 1983, the plaintiff must allege the violation of a constitutional right. *West v. Atkins*, 487 U.S. 42, 48 (1988). However, a prisoner does not have a "constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Any liberty interest must be in the nature of the inmate's confinement, rather than the procedures by which the state believes it can best determine how the inmate should be confined. *Id.* A grievance procedure is a procedural right. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). It does not confer a substantive right on the inmate, or give rise to a protected liberty interest that requires Fourteenth Amendment protections. *Id.* Plaintiff does not have a protectable liberty interest in the Franklin County Jail's grievance procedure process. Accordingly, he cannot proceed pursuant to § 1983. Therefore, this claim must be dismissed.

### M. Plaintiff's claim regarding an inadequate law library

Plaintiff claims that the law library is outdated by twenty years. (Docket No. 1 at 5). Prisoners have a constitutional right of access to the courts. *Bounds*, 430 U.S. at 821. This fundamental right requires prison authorities to assist inmates in preparing and filing meaningful legal papers by providing them with adequate law libraries or assistance from persons trained in the law. *Id.* at 828. However, it is not enough for a prisoner to establish that a law library or legal assistance program is theoretically subpar. *Lewis*, 518 U.S. at 351. Rather, the inmate must show actual injury by demonstrating that the alleged shortcomings in the law library or legal assistance program hindered the inmate's efforts to pursue a legal claim. *Id.* In other words, an inmate

16

"cannot merely allege a denial of access to a law library...even if the denial is systemic." *Sabers*, 100 F.3d at 84. Here, plaintiff offers only the conclusory statement that the law library is outdated. He fails to describe alleged inadequacies in any detail whatsoever. Moreover, he does not allege how the state of the library caused him actual injury. For instance, he does not allege that the library lacks appropriate materials for him to pursue a specific legal claim or prepare his pending case. Therefore, this claim must be dismissed.

## N. Plaintiff's claim of excessive force

Plaintiff alleges that he was "attacked" by a correctional officer he identifies as Sergeant Ashkar. (Docket No. 1 at 5). Plaintiff states that a white inmate had called him a racist name, but that nothing was done to that inmate. *Id.* When plaintiff yelled back at the inmate, Sergeant Ashkar used an obscenity against him, and then choked plaintiff, hit him with a closed fist, and used both pepper spray and a Taser against him. *Id.* A week later, plaintiff alleges that Sergeant Ashkar harassed him by coming to his cell at midnight to fingerprint him. *Id.*

In order to prevail on a § 1983 action for use of excessive force, plaintiff must show that the force was "used maliciously and sadistically for the very purpose of causing harm." *Muhammad v. McCarrell*, 536 F.3d 934, 938 (8th Cir. 2008); *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008).

Plaintiff names Sergeant Ashkar as the person responsible for this violation of his constitutional rights. Plaintiff is silent as to whether he is suing Sergeant Ashkar in his official or individual capacity. When a complaint does not specifically name the defendant in his individual capacity, it is presumed that plaintiff is suing the defendant only in his official capacity. *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012); *see also Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) ("[i]f a plaintiff's complaint is silent about the capacity in which he is suing the

defendant, we interpret the complaint as including only official-capacity claims"); and *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("[i]f the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity").

A plaintiff who sues a public employee in his official, rather than individual capacity, sues only the public employer, and must therefore establish the municipality's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). To state a claim for municipal liability pursuant to § 1983, the plaintiff must plead facts demonstrating that the defendant violated a constitutional right "either pursuant to official municipal policy or as part of a custom or usage with the force of law." *Id.* "Official policy" involves the deliberate choice to follow a course of action made by an official determined under state law to have the authority to establish governmental policy. *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir. 1998). "Custom or usage" is demonstrated by showing the existence of a "continuing, widespread, persistent pattern of unconstitutional conduct" by the employees of a governmental entity. *Id.* It must also be shown that policymaking officials were deliberately indifferent to or tacitly authorized such conduct, after those officials received notice of the misconduct. *Id.* Finally, there has to be "proof that the custom was the moving force behind the constitutional violation." *Id.*

Plaintiff has failed to make any allegations regarding any "custom or policy" of the governmental entity that employs Sergeant Ashkar. He has not alleged any official policy with regard to interactions between inmates and correctional officers. He has not alleged any continuing, widespread, and persistent conduct. He has not alleged deliberate indifference or tacit authorization of misconduct by any officials. Finally, plaintiff has not alleged any facts to

18

show that a custom was the moving before behind the claimed constitutional violation. Since plaintiff has not alleged any of these facts, he does not state an official-capacity claim against Sergeant Ashkar pursuant to § 1983. Therefore, this claim must be dismissed.

### O. Plaintiff's DNA sample claim

Plaintiff alleges that he was coerced into giving DNA against his will by being told that if he did not provide it, he would not be allowed to leave custody, even if the judge ordered his release. (Docket No. 1 at 5). Plaintiff does not say who allegedly coerced him into giving a DNA sample. Even if the complaint is construed to name a cognizable defendant, plaintiff does not state whether he is suing this defendant in his or her individual or official capacity. When a complaint does not specifically name the defendant in his individual capacity, it is presumed that plaintiff is suing the defendant only in his official capacity. *Zajrael*, 677 F.3d at 355. A plaintiff who sues a public employee in his official capacity sues only the public employer, and must therefore establish the municipality's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. To state a claim for municipal liability pursuant to § 1983, the plaintiff must plead facts demonstrating that the defendant violated a constitutional right "either pursuant to official municipal policy or as part of a custom or usage with the force of law." *Id*. In his complaint, plaintiff fails to allege any facts that might tend to demonstrate that the unnamed defendant violated a constitutional right either pursuant to the municipality's official policy or as part of the municipality's custom or usage. Therefore, this claim must be dismissed.

### P. Plaintiff's claims against Judge Hoven

Plaintiff claims that Judge David L. Hoven is biased against him. (Docket No. 1 at 6). This claim is mostly supported by allegations regarding Judge Hoven's refusal to lower plaintiff's bond. *Id*. Plaintiff states that Judge Hoven's bond review rulings are the result of racial

19

animus, and that other inmates, mainly whites, receive more favorable outcomes. *Id.* Plaintiff specifically alleges that an inmate he identifies as "Mr. Pruitt" was released on his own recognizance despite being charged with rape and domestic battery. (Docket No. 8 at 2). Meanwhile, plaintiff remains incarcerated on a $50,000 bond. *Id.* Plaintiff notes that Mr. Pruitt is white and that he is an African-American. *Id.*

Plaintiff's claims against Judge Hoven are legally frivolous and will be dismissed because they are raised against him in his judicial capacity. Generally, a judge is immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991). This immunity applies even when a judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Judicial immunity is subject to two exceptions: (1) when a judge does not act within his judicial capacity or (2) when a judge takes judicial action in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *see also Duty v. City of Springfield, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). Whether a judge's act is judicial relates to the nature of the act itself, that is, "whether it is a function normally performed by a judge, and to the expectations of the parties." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Plaintiff's allegations against Judge Hoven accuse Judge Hoven of bias and discrimination in rulings he made while reviewing plaintiff's bond. These allegedly unlawful actions were judicial in nature, as a bond determination is a function that is normally performed by a judge. Accordingly, Judge Hoven is granted absolute immunity from civil suit as to plaintiff's claims against him. Therefore, this claim must be dismissed.

## Q. Plaintiff's claim of excessive force by St. Clair police

Plaintiff alleges that he was "[b]rutalized" by the St. Clair police. (Docket No. 1 at 6-7). He states that the police slammed him to the floor after he refused to get off the phone with his attorney. *Id.* Plaintiff does not identify the members of the St. Clair police who were present at

this incident. Generally, it is impermissible to name a fictitious party as a defendant. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, if it appears that a pro se plaintiff could, after discovery, offer facts to validate the complaint, then it is premature to dismiss the complaint. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Dismissal is proper when it appears the defendant's true identity cannot be learned through discovery or court intervention. *Id.* Plaintiff does not give any facts to aid in identifying the purported defendant or defendants. He simply names the entire St. Clair police department. He does not allege how many officers were involved, where this event took place, or when it took place. There is no basis for identifying the defendant or defendants involved in this claim; thus, it should be dismissed. *See Phelps v. U.S. Federal Government*, 15 F.3d 735, 738 (1994).

Even if the complaint were to be construed to identify a cognizable defendant or defendants, plaintiff is silent as to whether he is suing the defendant or defendants in an individual or official capacity. When a complaint does not specifically name the defendant in his individual capacity, it is presumed that plaintiff is suing the defendant only in his official capacity. *Zajrael*, 677 F.3d at 355. A plaintiff who sues a public employee in his official capacity sues only the public employer, and must therefore establish the municipality's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. To state a claim for municipal liability pursuant to § 1983, the plaintiff must plead facts demonstrating that the defendant violated a constitutional right "either pursuant to official municipal policy or as part of a custom or usage with the force of law." *Id.* In his complaint, plaintiff fails to allege any facts that might tend to demonstrate that the unnamed defendant or defendants violated a constitutional right either pursuant to the municipality's official policy or as part of the municipality's custom or usage. Therefore, this claim must be dismissed.

### R. Plaintiff's ineffective assistance of counsel claim

Plaintiff alleges that his attorney has been "very [i]neffective and [i]nadequate." (Docket No. 1 at 7). He does not provide any further details about why he feels his counsel's performance is unsatisfactory. Regardless, plaintiff's claim against his attorney must fail because a defense attorney, whether appointed or retained, does not act under color of state law for purposes of § 1983, and are not subject to suit. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *see also Myers v. Vogal*, 960 F.2d 750 (8th Cir. 1992) (dismissing claim against defense attorneys because defense attorneys did not act under color of state law). This type of allegation is inappropriate under § 1983. Therefore, this claim must be dismissed.

### S. Plaintiff's request for an attorney

In a letter dated April 14, plaintiff requested an application for appointment of counsel. (Docket No. 7). To the extent that this letter can be construed as a motion for appointment of counsel, the court will deny plaintiff's request as moot, given the fact that plaintiff's claims in this matter are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** this action is subject to dismissal for failure to state a claim and/or because it is legally frivolous subject to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 7) is denied as moot.

Dated this _8th_ day of May, 2018.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE